EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@eapdlaw.com
jsauer@eapdlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONCHITA UY,

            Plaintiff,

-against-

THE MOUNT SINAI HOSPITAL (aka MOUNT
SINAI MEDICAL CENTER) and JEFF COHEN,

            Defendants.

10 Civ. 5674 (RJH) (JLC)

**ANSWER TO THE
AMENDED COMPLAINT**

       Defendants The Mount Sinai Hospital ("Mount Sinai") and Jeff Cohen (collectively referred to herein as "Defendants"), by their attorneys Edwards Angell Palmer & Dodge LLP, answer the Amended Complaint (the "Complaint") as follows:

       1.    Deny each and every allegation contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to assert claims under the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL") and the common laws of the state of New York.

       2.    Deny each and every allegation in Paragraph 2 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to the ADEA and 28 U.S.C. §§ 1331 and 1334, and seeks to invoke the Court's supplemental

jurisdiction over Plaintiff's purported claims under New York State and New York City law.

3. Deny each and every allegation contained in Paragraph 3 of the Complaint, except admit that venue is proper in the United States District Court for the Southern District of New York.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Deny each and every allegation contained in Paragraph 5 of the Complaint, except admit that Plaintiff filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), on or about April 1, 2009, and refer to that charge for its contents.

6. Deny each and every allegation contained in Paragraph 6 of the Complaint, except admit that sixty or more days have passed since Plaintiff filed her charge with the EEOC.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, except admit, upon information and belief, that Plaintiff is sixty-four years of age and was born on August 18, 1946.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admit that Plaintiff held the position of Clinical Laboratory Technologist while employed by Mount Sinai.

9. Admit the allegations contained in Paragraph 9 of the Complaint.

10. Deny each and every allegation contained in Paragraph 10 of the

Complaint, except admit that Mount Sinai is incorporated pursuant to the not-for-profit law of the State of New York and that Mount Sinai has a mailing address at One Gustave L. Levy Place, New York, New York 10029.

11.     Deny each and every allegation contained in Paragraph 11 of the Complaint, except admit that Jeff Cohen ("Cohen") is the Vice President of Labor Relations at Mount Sinai and currently resides in the State of New York.

12.     Deny each and every allegation contained in Paragraph 12 of the Complaint, and further deny the implication that Plaintiff was discriminated against or retaliated against by Mount Sinai.

13.     Deny each and every allegation contained in Paragraph 13 of the Complaint, except admit that Mayra Lema ("Lema") is the Chief Supervisor of the Hematology Department at Mount Sinai and that Lema interviewed and hired Plaintiff on November 8, 2005.

14.     Deny each and every allegation contained in Paragraph 14 of the Complaint, except admit that the New York State Department of Education requires clinical laboratory technologists to obtain a license in order to practice and refer to New York Education Law, Article 165, Clinical Laboratory Technology Practice Act for its contents.

15.     Deny each and every allegation contained in Paragraph 15 of the Complaint, except admit that Plaintiff was hired by Mount Sinai to work during the night shift and that Glenn Estavillo is male, was born in the Philippines on October 11, 1954, and was the Senior Supervisor of the evening/night shift of the Hematology Department at Mount Sinai during Plaintiff's employment with Mount Sinai.

16. Deny each and every allegation contained in Paragraph 16 of the Complaint.

17. Deny each and every allegation contained in Paragraph 17 of the Complaint.

18. Deny each and every allegation contained in Paragraph 18 of the Complaint.

19. Deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Deny each and every allegation contained in Paragraph 20 of the Complaint.

21. Deny each and every allegation contained in Paragraph 21 of the Complaint.

22. Deny each and every allegation contained in Paragraph 22 of the Complaint.

23. Deny each and every allegation contained in Paragraph 23 of the Complaint.

24. Deny each and every allegation contained in Paragraph 24 of the Complaint.

25. Deny each and every allegation contained in Paragraph 25 of the Complaint, except admit that Plaintiff took a leave of absence, beginning on May 22, 2008, for an "employee illness."

26. Deny each and every allegation contained in Paragraph 26 of the Complaint, except admit that Plaintiff was terminated on June 2, 2008 as a result of her

refusal to obtain a governmentally mandated license for all clinical laboratory technologists.

27. Deny each and every allegation contained in Paragraph 27 of the Complaint.

27.1 Deny each and every allegation contained in Paragraph 27.1 of the Complaint, except admit that Plaintiff was issued a letter from the New York State Education Department, Division of Professional Licensing Services, dated October 3, 2006, and refer to the letter for its contents.

27.2 Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.2 of the Complaint.

27.3 Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.3 of the Complaint.

28. Deny each and every allegation contained in Paragraph 28 of the Complaint, except admit that Plaintiff obtained her license to practice as a Clinical Laboratory Technologist in the state of New York from The University of the State of New York Education Department on or about June 30, 2008.

29. Deny each and every allegation contained in Paragraph 29 of the Complaint, except admit that after Plaintiff obtained her license and produced proof of her receipt of the license, Mount Sinai rehired Plaintiff on August 11, 2008.

30. Deny each and every allegation contained in Paragraph 30 of the Complaint.

31. Admit the allegations contained in Paragraph 31 of the Complaint.

32. Deny each and every allegation contained in Paragraph 32 of the

Complaint, except admit that Plaintiff was terminated on December 18, 2008 for insubordination and job abandonment.

33. Deny each and every allegation contained in Paragraph 33 of the Complaint.

34. Deny each and every allegation contained in Paragraph 34 of the Complaint, except admit that Plaintiff's union filed a grievance on her behalf challenging her second termination and the result of the third step grievance was that Plaintiff was reinstated, effective March 2, 2009.

35. Deny each and every allegation contained in Paragraph 35 of the Complaint.

36. Deny each and every allegation contained in Paragraph 36 of the Complaint, except admit that there were no employment openings for the day shift for clinical laboratory technologists in February 2009.

37. Deny each and every allegation contained in Paragraph 37 of the Complaint.

38. Deny each and every allegation contained in Paragraph 38 of the Complaint, except admit that Plaintiff took a leave of absence, beginning on March 12, 2009, for an "employee illness."

39. Deny each and every allegation contained in Paragraph 39 of the Complaint, except admit that Plaintiff sent Cohen a letter, dated March 15, 2009, and refer to the letter for its contents.

40. Deny each and every allegation contained in Paragraph 40 of the Complaint.

41. Deny each and every allegation contained in Paragraph 41 of the Complaint, except admit that Plaintiff filed a charge with the EEOC on April 1, 2009 and refer to the charge for its contents.

42. Deny each and every allegation contained in Paragraph 42 of the Complaint, except admit that Mount Sinai received the charge on or about May 22, 2009 and that Mount Sinai filed a position statement with the EEOC on July 22, 2009.

43. Deny each and every allegation contained in Paragraph 43 of the Complaint, except admit that Plaintiff was terminated on June 22, 2009 for falsification of her Mount Sinai employment application.

44. Deny each and every allegation contained in Paragraph 44 of the Complaint, except admit that the Union filed a grievance on her behalf challenging her third termination.

44.1 Deny each and every allegation contained in Paragraph 44.1 of the Complaint.

44.2 Deny each and every allegation contained in Paragraph 44.2 of the Complaint.

44.3 Deny each and every allegation contained in Paragraph 44.3 of the Complaint.

45. Deny each and every allegation contained in Paragraph 45 of the Complaint.

46. Deny each and every allegation contained in Paragraph 46 of the Complaint.

47. Deny each and every allegation contained in Paragraph 47 of the

Complaint, except admit that on July 26, 2010, Plaintiff filed a Complaint *pro se*.

48. With regard to Paragraph 48 of the Complaint, repeat their responses to Paragraphs 1-47 of the Complaint as if each were fully set forth herein.

49. Deny each and every allegation contained in Paragraph 49 of the Complaint.

50. Deny each and every allegation contained in Paragraph 50 of the Complaint.

51. Deny each and every allegation contained in Paragraph 51 of the Complaint.

52. Deny each and every allegation contained in Paragraph 52 of the Complaint.

53. With regard to Paragraph 53 of the Complaint, repeat their responses to Paragraphs 1-52 of the Complaint as if each were fully set forth herein.

54. Deny each and every allegation contained in Paragraph 54 of the Complaint.

55. Deny each and every allegation contained in Paragraph 55 of the Complaint.

56. Deny each and every allegation contained in Paragraph 56 of the Complaint.

57. With regard to Paragraph 57 of the Complaint, repeat their responses to Paragraphs 1-56 of the Complaint as if each were fully set forth herein.

58. Deny each and every allegation contained in Paragraph 58 of the Complaint.

59. Deny each and every allegation contained in Paragraph 59 of the Complaint.

60. Deny each and every allegation contained in Paragraph 60 of the Complaint.

61. Deny each and every allegation contained in Paragraph 61 of the Complaint.

62. With regard to Paragraph 62 of the Complaint, repeat their responses to Paragraphs 1-61 of the Complaint as if each were fully set forth herein.

63. Deny each and every allegation contained in Paragraph 63 of the Complaint.

64. Deny each and every allegation contained in Paragraph 64 of the Complaint.

65. Deny each and every allegation contained in Paragraph 65 of the Complaint.

66. With regard to Paragraph 66 of the Complaint, repeat their responses to Paragraphs 1-65 of the Complaint as if each were fully set forth herein.

67. Deny each and every allegation contained in Paragraph 67 of the Complaint.

68. Deny each and every allegation contained in Paragraph 68 of the Complaint.

69. Deny each and every allegation contained in Paragraph 69 of the Complaint.

70. Deny each and every allegation contained in Paragraph 70 of the

Complaint.

71. With regard to Paragraph 71 of the Complaint, repeat their responses to Paragraphs 1-70 of the Complaint as if each were fully set forth herein.

72. Deny each and every allegation contained in Paragraph 72 of the Complaint.

73. Deny each and every allegation contained in Paragraph 73 of the Complaint.

74. Deny each and every allegation contained in Paragraph 74 of the Complaint.

75. With regard to Paragraph 75 of the Complaint, repeat their responses to Paragraphs 1-74 of the Complaint as if each were fully set forth herein.

76. Deny each and every allegation contained in Paragraph 76 of the Complaint.

77. Deny each and every allegation contained in Paragraph 77 of the Complaint.

78. Deny each and every allegation contained in Paragraph 78 of the Complaint.

79. Deny each and every allegation contained in Paragraph 79 of the Complaint.

80. Deny each and every allegation contained in Paragraph 81 of the Complaint.

81. Deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Mount Sinai established and followed policies and procedures for the prevention, detection and investigation of unlawful discriminatory practices which Plaintiff unreasonably failed to use.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Mount Sinai exercised reasonable care to prevent and to correct promptly any discriminatory or retaliatory behavior by having anti-discrimination and anti-retaliation policies with complaint procedures.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Mount Sinai knew or should have known of any alleged discriminatory or retaliatory treatment of the Plaintiff or that Mount Sinai acquiesced in any alleged such treatment.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because policies and procedures for the prevention, detection and investigation of discrimination and retaliation were established, and complied with, by Mount Sinai and there is a record of no, or relatively

few, prior incidents of discriminatory or retaliatory conduct by any employee, agent, or independent contractor of Mount Sinai who is alleged by Plaintiff to have discriminated or retaliated against them.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Cohen.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate her damages.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Date:  November 9, 2010
       New York, New York

                    EDWARDS ANGELL PALMER & DODGE LLP

                    By: _____
                              Rory J. McEvoy
                              Julie L. Sauer
                    Attorneys for Defendants
                    750 Lexington Avenue
                    New York, New York 10022
                    212.308.4411
                    rmcevoy@eapdlaw.com
                    jsauer@eapdlaw.com

To:    Gabriel S. De La Merced, Esq.
        Law Offices of Gabriel S. De La Merced
        Attorneys for Plaintiff
        30 Vesey Street, Suite 901
        New York, New York 10007
        212.791.7621
        gdelamerce@yahoo.com

        Felix Q. Vinluan, Esq.
        Law Office of Felix Q. Vinluan
        Attorneys for Plaintiff
        450 Seventh Avenue, Suite 931
        New York, New York 10123
        212.643.2692
        fqvinluan@yahoo.com

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@eapdlaw.com
jsauer@eapdlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONCHITA UY,

      Plaintiff,

   -against-

THE MOUNT SINAI HOSPITAL (aka MOUNT
SINAI MEDICAL CENTER) and JEFF COHEN,

      Defendants.

10 Civ. 5674 (RJH) (JLC)

**AFFIDAVIT OF SERVICE**

Julie L. Sauer, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 9th day of November, 2010, she caused a true and correct copy of the foregoing ANSWER TO THE AMENDED COMPLAINT to be served upon:

**Gabriel S. De La Merced, Esq.**
**Law Offices of Gabriel S. De La Merced**
**Attorneys for Plaintiff**
30 Vesey Street, Suite 901
New York, New York 10007
212.791.7621

**Felix Q. Vinluan, Esq.**
**Law Office of Felix Q. Vinluan**
**Attorneys for Plaintiff**
450 Seventh Avenue, Suite 931
New York, New York 10123
212.643.2692

by depositing a true copy of said document enclosed in a prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

                 _____
                 Julie L. Sauer

Sworn to before me this
9th day of November 2010

_____
Notary Public

RACHEL JACOBSON
Notary Public, State of New York
No. 02JA6209209
Qualified in New York County
Commission Expires July 20, 2013